Paul WENDEL, Appellant,

v.

Samuel SPENCER, President, Board of Commissioners, et al., Appellees.

No. 11779.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1954.

Decided Dec. 2, 1954.

---

Mr. Richard A. Mehler, Washington, D. C., for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Mr. Leo A. Rover, U. S. Atty., Washington, D. C., was on the brief, for appellees. Messrs. William R. Glendon and William J. Peck, Asst. U. S. Attys., Washington, D. C.,

at the time record was filed, entered appearances for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellees constitute the Commission on Licensure to Practice the Healing Art in the District of Columbia. D.C. Code, § 2–101 et seq. (1951). Application was made to them by appellant Wendel for a license to practice naturopathy. He relied on a diploma awarded him by the National Board of Naturopathic Examiners.[1] The Commission notified Wendel that it had decided not to accept his application, for the reason that there was more than one national examining board in naturopathy. It added that "until such time as the naturopathic profession has only one official national examining board," the Commission would not accept applications for naturopathic licenses from persons relying on diplomas. Appellant brought suit in the District Court against the Commission seeking a mandatory injunction and a declaratory judgment.[2] The Commission's answer to the complaint was that there were two alleged national examining boards in the field of naturopathy; that the Commission was without power and authority to make a determination as to which one was representative of the profession; that the Commission's decision to refrain from making such a determination was within its complete discretion; that the controversy was properly one for judicial determination in a suit between the two boards; and that the granting or not of licenses to practice in one of the branches of the healing art on the basis of a diploma issued by a national examining board is discretionary and not re-

1. "The Commission may issue a license, without examination, to anyone holding a certificate or diploma from a national examining board: *Provided*, That the examination given by the national examining board was as comprehensive and as exhaustive as that required in the District of Columbia. * * *" D.C.Code, § 2–122a (1951).

2. Wendel's amended complaint requested in the alternative a judgment requiring the Commission to determine in appropriate proceedings whether or not the National Board of Naturopathic Examiners is a national examining board as referred to in the statute.

viewable by the courts. The District Court granted the Commission's motion for summary judgment.

■ It appears from the record that there are two bodies describing themselves as national examining boards in naturopathy.[3] We do not consider, however, that the Commission is justified in its conclusion that it is without power and authority to grant a license upon a certificate merely because there appear to be two national examining boards. The governing statute, after all, speaks of "a" national examining board, not "the" board.[4] When the statute tells the Commission it may grant a license upon a certificate from "a national examining board" it surely means that the Commission can determine whether the signatory upon a certificate presented by an applicant is or is not a national examining board. And this is true whether it is alleged by someone that there is only one such board or that there are several in a given profession. A mere allegation that there are two such boards does not deprive the Commission of power to issue any license. In our view the Commission has ample power in the premises.[5]

■ We think the Commission should reconsider appellant's application and take a position based upon the authority which it does possess rather than upon alleged lack of authority. Furthermore, we think that even assuming the Commission to have broad discretionary power to require an applicant to take a local examination rather than to admit him by diploma, that would not in itself be a defense to the maintenance of the present litigation. See Perkins v. Elg, 1939, 307 U.S. 325, at pages 349–350, 59 S.Ct. 884, 83 L.Ed. 1320.

For these reasons the judgment of the District Court will be

Reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

3. One is described as the National Board of Examiners in Naturopathy, the other as the National Board of Naturopathic Examiners.

4. See note 1, supra.

5. "* * * The Commission shall make and from time to time may alter such rules as it deems necessary for the conduct of its business, and for the execution, and enforcement of the provisions of this chapter. * * *" D.C.Code, § 2–103 (1951).